# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:18-cv-00070-FDW

| | |
|---|---|
| BILLY JOSEPH EDWARDS, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>ERIK A HOOKS, )<br>)<br>    Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Billy Joseph Edwards's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court are Petitioner's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2) and Motion for Appointment of Counsel (Doc. No. 3).

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or obtain leave of the court to proceed without prepayment of fees and costs. Petitioner's IFP Motion indicates he has been assigned prison employment for which he receives $5.00 per week. (Doc. No. 2.) It appears Petitioner spends these funds on stamps and hygiene items, although he does not indicate their monthly cost. Nevertheless, because his motion and affidavit indicate Petitioner receives no outside income, in the form of gifts for example, the Court finds he has insufficient funds to pay the $5.00 filing fee. Accordingly, the Court shall grant the IFP Motion.

In accordance with the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed the Petition and cannot conclude from the record before it that Petitioner is not entitled to relief. See Rule 4, 28 U.S.C.A. foll. § 2254. Therefore, Respondent

1

shall be directed to respond to the Petition.

As for Petitioner's Motion for Appointment of Counsel, there is no constitutional right to counsel in a § 2254 proceeding. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949). Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases mandate the appointment of counsel when discovery is necessary or if the matter proceeds to an evidentiary hearing. Id., 28 U.S.C.A. foll. § 2254. The Court also has discretion to appoint counsel to financially eligible persons in a § 2254 action upon finding that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

After a review of the record, the Court concludes that, at this point, Petitioner has not shown circumstances demonstrating the need for appointment of counsel. As such, Petitioner's Motion for Appointment of Counsel will be denied.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**;
2. Petitioner's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED**;
3. The Clerk of Court shall serve a copy of the Petition and this Order on the Attorney General of North Carolina; and
4. Respondent shall have 45 days from entrance of this Order to file an answer, motion, or other response to the Petition for Writ of Habeas Corpus.

Signed: July 12, 2018

Frank D. Whitney
Chief United States District Judge